UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE ELIZABETH KUEHN,

                Plaintiff,                Civil Action No. 18-10369
                                                    Honorable Sean F. Cox
v.                                                  Magistrate Judge David R. Grand

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____/

### REPORT AND RECOMMENDATION
### ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES [23]

**I.    REPORT**

        **A.    Background**

On January 30, 2018, Plaintiff Nicole Kuehn ("Kuehn") filed suit against the Commissioner of Social Security ("Commissioner"), challenging the Commissioner's denial of her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (Doc. #1). After the parties filed cross-motions for summary judgment, this Court issued a Report and Recommendation ("R&R") finding that the Administrative Law Judge's ("ALJ") conclusion that Kuehn was not disabled under the Social Security Act was not supported by substantial evidence. (Doc. #20). As a result, this Court recommended remanding the matter to the ALJ for further proceedings pursuant to sentence four of 28 U.S.C. § 405(g). (*Id.*). The Commissioner did not object to the R&R, which was adopted by the Honorable Sean F. Cox on October 10, 2018. (Doc. #21).

Kuehn then filed the instant Motion for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), seeking attorney's fees in the amount of $5,739.00.[1] (Doc. #23). The government filed a response, indicating that it does not object to the relief sought in Kuehn's motion. (Doc. #26). Kuehn did not file a reply. The Court dispenses with oral argument pursuant to E.D. Mich. L.R. 7.1(f).

**B.     Analysis**

Under the EAJA, 28 U.S.C. § 2412(d), four conditions must be satisfied in order to recover attorney's fees: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; (3) there must be no special circumstances that make an award unjust; and (4) the application must be filed within thirty days of final judgment. *See Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129-30 (6th Cir. 2007) (citing *Comm'r, INS v. Jean*, 496 U.S. 154, 158 (1990)). In the instant case, Kuehn seeks compensation pursuant to the EAJA for 28.8 hours of attorney time at the rate of $192.50 per hour ($5,544.00), and 3.9 hours of legal assistant time at the rate of $50.00 per hour ($195.00), for a total of $5,739.00. (Doc. #23-14). The government neither challenges the amount of attorney's fees requested nor argues that its position was substantially justified.

Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher

---

[1] This motion was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. #24).

fee." 28 U.S.C. § 2412(d)(2)(A). Here, Kuehn's counsel attaches several affidavits attesting to the reasonableness of the hourly rate sought for attorney work in this case ($192.50 per hour). (Doc. #23-5, #23-6, #23-7, #23-8). Having reviewed these affidavits, as well as the survey data provided, the Court finds the documentation provided by Kuehn is sufficient to support an increased attorney fee in this case. Further, the requested hourly rate for the attorney work is within the range routinely awarded within the Sixth Circuit. *See, e.g., Murray v. Comm'r of Soc. Sec.*, No. 17-12586, 2018 WL 2440355, at *1 (E.D. Mich. May 31, 2018) (approving $175/hour for work performed in 2018) (citing cases); *Young v. Comm'r of Soc. Sec.*, No. 17-10268, 2018 WL 2184003, at *1 (E.D. Mich. Mar. 14, 2018) (approving $187.11/hour for work performed in 2017); *Gross v. Comm'r of Soc. Sec.*, No. 16-10365, 2018 WL 1312401, at *6 (E.D. Mich. Mar. 14, 2018) (approving $187.09/hour for work performed in 2016). The requested hourly rate for legal assistant work ($50.00 per hour) is also within the prevailing market rate. *See Murray*, 2018 WL 2440355, at *1 (approving $80/hour for paralegal work in 2018); *Gross*, 2018 WL 1312401, at *6 (same). Thus, the Court finds that the total EAJA fee award requested in this case ($5,739.00) is reasonable.[2]

---

[2] Attached to the pending motion is a document entitled "Social Security Fee and Expense Agreement," in which Kuehn assigns to her attorney full payment of any EAJA award. (Doc. #23-15). Per U.S. Supreme Court precedent, EAJA fees typically are paid directly to claimants. *See Astrue v. Ratliff*, 560 U.S. 586 (2010). Although this Court previously enforced a client's assignment of such fees to her attorney, *e.g., Payne v. Comm'r of Soc. Sec.*, No. 13-cv-13561, 2015 WL 5212048, at *3 (E.D. Mich. Aug. 31, 2015), the Sixth Circuit recently held that "[u]nless the government waives application of the [Anti-Assignment Act] in EAJA cases, fee awards must be paid to the prevailing party, not to the party's lawyer." *Kerr for Kerr v. Comm'r of Soc. Sec.*, 874 F.3d 926, 937 (6th Cir. 2017). Here, the government has indicated that, as a convenience to Kuehn's counsel, it will "accept the above-described assignment of EAJA fees by Plaintiff to Plaintiff's counsel and pay EAJA fees directly to Plaintiff's counsel if it is subsequently shown at

## II. RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that Kuehn's Motion for Attorney's Fees (**Doc. #23**) be **GRANTED** and Kuehn be awarded $5,739.00 in attorney's fees pursuant to the EAJA.

| | |
|---|---|
| Dated: February 25, 2019<br>Ann Arbor, Michigan | s/David R. Grand<br>DAVID R. GRAND<br>United States Magistrate Judge |

## NOTICE

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections that raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. L.R. 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

---

the time of the EAJA Order that the prevailing party owes no debt to the government that would be subject to the offset." (Doc. #26 at 2). Thus, provided that such a showing is made, payment of the EAJA fees awarded should be made directly to Kuehn's attorney.

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 25, 2019.

                                                s/Eddrey O. Butts
                                                EDDREY O. BUTTS
                                                Case Manager